**RECEIVED**

JUN 1 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROSSI M. POTTS
14124 Bishop Claggett Court
Upper Marlboro, MD. 20772

    Plaintiff,

v.

HOWARD UNIVERSITY &
HOWARD UNIVERSITY HOSPITAL
2041 Georgia Avenue, N.W.
Washington, DC 20060

    Defendants,

Civil Action Number   1:08-cv-00706/RMU
Judge: RMU

---

LCvR 9.1

APPLICATION FOR A THREE-JUDGE COURT

Pursuant LCvR 9.1 for preliminary injunction pursuant, Title 28 § 2284(a), (b)(1)(3).

1

## APPLICATION FOR THREE-JUDGE COURT

Jurisdiction, issues are in **Fact** a matter of Constitutionality in part, as it pertains to Constitutional **Laws** and the United States **Laws**, which raises a **Constitutional Question** in this Case. Extra Constitutional protection is extended to the United States Service Members by United States **Laws** U.S.C. Title 38 chapter 43 subchapters I § 4302, II § 4311, § 4322(a), § 4323(a-j) and it is protected in furtherance by the Constitution, under the United States Constitutional Amendment X wherefore, it is shown to be an establishment of additional prerequisite to exercise rights and benefits in this entitlement. Therefore, wherefore, denial of jurisdiction is shown to be a factor to interrupt, reduce, limit, or eliminate the right and benefits because the Service Member has chosen to pursue claims under Title 38 § 4322(a), § 4323(a-j). The Constitutionality is the Supreme **Law** of the land pursuant, United States Article VI clause [2]. Furthermore, the choice of venue is not by freewill but by force secondary to the Defendants unlawful employment practices among other unlawful acts. Therefore, to prevent irreparable damages and to **secure** and maintain the pleaded **Facts** and **Laws** I hereby, demand the support from the United States Attorney General pursuant, Title 28 § 1361 wherefore, this entitlement has been proving to be of public interest and **Public Law** 103-353 with **Federal Question** pursuant, Title 28 § 1331 stemming from a **Federal Action** administered by the United States. Therefore, Title 28 § 1656 is asserted for support by counsel of the United States Attorney General wherefore, shown to be a matter of **Law** to vindicate the factual and

legal issues herein this Case pursuant, Title 38 Chapter 43 subchapter III § 4323(e), as a plan to vindicate full rights and benefits herein this Case pursuant, Title 28 § 1651(a)(b), wherefore, shown that a rule nisi or alternative writ can be applied to exercise **Full Equity Power** herein this District Court by the presiding Judge Ricardo M. Urbina, not to exclude a **Temporary Restraining Order** wherefore, shown to be related to a **Federal Question** of Constitutionality wherefore, needed pursuant, Title 28 § 2284(a), (b)(1)(3), as a remedy to afford the proper relief's requested herein this Case. However, in this Case both United States **Laws** and Constitutional **Laws** are now in question wherefore, when the Defendants deny the **Fact** of jurisdiction by questioning the Plaintiff's right of action and venue under the jurisdiction of the U.S. District Court; in **Fact** it is a proper venue, and the right of action was not by freewill, but by force, and it is a notable **Fact** of the **Laws** to be a proper venue secondary to the Defendants unlawful concerted actions in violation of prohibited U.S. **Laws**. This Case, factual and legal issues are secondary to a **Federal Action** Administered by the United States for the Service Member to participate with the uniformed service United States Air Force Reserves. Furthermore, the Military obligation is in part related to a Consolidated Case 1:04-cv-1856, combined by the Defendants unlawful written instrument used as a pretext to disguise discrimination thus, resulting in retaliation. Defendants establishment unlawful concerted actions consisted of a pleaded **Fact** of fabricated evidence used as a pretext to discriminate against service member Rossi M. Potts whom served in the Uniformed services thus, subject matter

shared by two Cases. Therefore, the factual and legal issues of (sex) discrimination residing thereon the United States District Court Records is consequently noted to be in addition to this claim pursuant, Title 38 Chapter 43 subchapter I § 4302(a)(b). Therefore, issue of fraudulent concealment and withholding of material evidence, is a pleaded **Fact** shared in both Cases thus, currently and/or presently existing secondary, to the administrative investigation enforced by the United States Equal Employment Opportunity Commission and the Local Government District of Columbia Office of Human Rights, legal proceeding that has been determined to be administratively exhausted and noted in part to have subsequent civil and criminal charges stemming from it pursuant, U.S.C. Title 18 § 1001(a)(1-3), (c)(1-2), which therefore, requires **prioritizing** civil and criminal proceedings for further litigations, therefore this District Court is ask to provide a Temporary Restraining Order wherefore, it is shown to be no plain, adequate, complete remedy at law and that an irreparable injury will result unless the relief is granted for a de novo evidentiary hearing as it pertains to the Defendants Second Affirmative Defense wherefore, mitigating damages is in question. The claimed Title 18 violations has provoked Plaintiff's right of action hereon this Case in addition to other laws thus, having subsequent civil and criminal violations. The Title 38 entitlements are in part a matter of Constitutional Law pursuant, the United State Constitutional Amendment X, as it pertains to the Necessary and Proper Clause of United States Article I § 8 clause [18], wherefore, the power not delegated to the United States

by the Constitution, nor prohibited by it to the States are reserved to the States respectively, or to the people, which is now the venue in part taken by Rossi M. Potts the Plaintiff to pursue this subject matter by force not by freewill, as a matter of United States **Law** U.S.C. Title 38 § 43 subchapters I, II, and III(a-j), and the reason why the United States Secretary of Labor had not been consulted to pursue the Claims herein this Case, is secondary to the criminal actions on part of the Defendants unlawful employment practices that has been sited to have been willfully withholding evidence thus, concealment of **Facts** from Federal U.S. EEOC and DCOHR enforcement agencies, therefore, without further undue and/or delay to refer to the U.S. DOL/U.S. DOJ, for fear of Statute of limitations, as it pertains to the factual and legal issues herein this District Court before the presiding Judge Ricardo M. Urbina. Therefore, wherefore, shown to be justifiable for an **Order** demanding preliminary injunction for Three Judge Court may be granted followed by application pursuant, LCvR 9.1. The military obligation shall be noted to be a **Federal Action Organized and proscribed by an Act of Congress** pursuant, United States Article I § 8 clause [16], by the Necessary and Proper Clause of the United States Article I § 8 clause [18], therefore where proof of denying jurisdiction is shown to be a challenge of the Constitutional rights of the Plaintiff is drawn into question and the Constitutionality of the apportionment of Congressional District and/or the Constitutional rights preserved to the Plaintiff via the United States Constitutional Amendment X, as it pertains to extra Constitutional protection as a matter of **Law**,

pursuant, the United States Article VI clause [2], this U.S. District Court shall be duty bound to the **thing** in the Constitution and **Laws** of the United States, wherefore, a **Federal Question** is shown to be an issue pursuant, Title 28 § 1331, therefore, the United States is in part obligated to enforce the **thing** in the **Law** by the Necessary and Proper Clause United States Article I § 8 clauses [9], [17], and [18], to render the Service Member Rossi M. Potts, the appropriate right of action that has been forced on him the Plaintiff's to pursue Constitutionally by force of the United States **Law/Public Law** herein this United States District Court. Furthermore, **Temporary Restraining Order** is Ordered by demand wherefore, irreparable damage is shown to be a factor pursuant, Title 28 § 2284(a), (b)(1) and (3), based on evidence via evidentiary hearing as was requested in the remedies for relief; by the Necessary and Proper Clause of the United States Article I § 8 clauses [9] and [18], which can be tested under the rule of necessity, after all the employer Howard University Hospital is answerable for all wrongs committed by an employee in the course of the employment which can be tested under the rule of law, therefore, the District Court shall by **Orders** henceforth the Federal Rules of Civil Procedure, wherefore, a serious hardship can be proving to have been stemming from the **Federal Action** administered by the United States. Additional damages are open for discussion scheduled by a Settlement Conference concurrently on the expense of the Defendants rhadamanthine of not wanting to Agree to Tolling Arrangements after all they do have a right to trial by jury, therefore, this United States District Court shall have the

**Full Equitable Power** to vindicate this **Federal Action** factual and legal issue pursuant Title 38 legal entitlements herein this case by means of a Three-judge court to test the Constitutionality of my Federal Questions sited herein this Motion which can be tested by the rule of law. To do otherwise would substantially deprive me of procedure due process, substantive rights and the right of action to challenging the constitutionality of the apportionment of congressional districts legislative body's Necessary and Proper Clause to enact a three-Judge court pursuant, Constitutionality United States Article I § 8 clause [9], as it pertains to the Necessary and Proper clause United States Article I § 8 clause [18], wherefore, the power reserved to me by the United States Constitutional X Amendment to allow the Supreme Court of the United States to have the appellate Jurisdiction, both as to the claimed **Law** and **Fact**, with such Exceptions, and under such Regulations as the Congress shall make by the Necessary and Proper Clause [9], [18], will allow the Judiciary full powers without causing a Question of Separation of Powers, because it would cause me more undue serious hardship and economic losses to proceed on the coarse of suing the United States for a manifest of constitutional error. Furthermore, I should Constitutionally have a right of action to demand a Mandatory Appeal, and to due otherwise would be in Question for jurisdiction Stripping as it pertains to Title 38 wherefore, if it goes unprotected because the litigant has no appellate forum in pursuit of his Constitution Questions of **Law** and **Fact** pursuant, United State Article III § 2 clause [2], by the Necessary and Proper Clause United States Article I § 8

clause [18], be at such place or places as the Congress may by Law have directed pursuant, United states Article I § 8 clause [9], as it pertains to the United States Article III § 2 clause [3], as it pertains to United States Article VI clause [2].

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of June, 2008, that a copy of the forgoing LCvR 9.1 Motion demands was mailed certified to:

cc:   Howard University &
      Howard University Hospital
      2400 6th Street, NW, Suit 321
      Washington D.C. 20059

*Rossi M. Potts*
_____
Plaintiff, Pro Se, Litigator
Rossi M. Potts
14124 Bishop Claggett Ct.
Upper Marlboro, Maryland 20772
(301)-574-2541

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROSSI M. POTTS

    Plaintiff,

                              Civil Action Numbers  <u>1:08-CV-00706/RMU</u>
                              Judges: RMU

v.

**HOWARD UNIVERSITY &**
**HOWARD UNIVERSITY HOSPITAL**

    **Defendants,**

<u>**ORDER**</u>

Upon consideration of the Motion of Plaintiff, Rossi M. Potts demands, he awaits written directions or commands delivered by this court or judge for good cause wherefore, it have been shown this _____ day of June, 2008, to henceforth the forgoing LCvR 9.1 pursuant, Title 28 § 2284(a), (b)(1)(3), to prevent irreparable damages wherefore, shown herein this Application for a Three-Judge Court pursuant, Constitutionality. Therefore by the **Orders** herein demanded for from the United States District Court for the District of Columbia, Ordering that Federal Rules of Civil Procedure Rules all be henceforth by the Ordered direction or commands of this District Court.

                                                _____
                                                Ricardo M. Urbina
                                                United States District Judge

cc:   Howard University &
       Howard University Hospital
       2400 6th Street, NW, Suit 321
       Washington D.C. 20059

       Rossi M. Potts
       14124 Bishop Claggett Ct.
       Upper Marlboro, Maryland 20772
       (301)-574-2541