UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSSI M. POTTS<br><br>Plaintiff,<br><br>v.<br><br>HOWARD UNIVERSITY &<br>HOWARD UNIVERSITY<br>HOSPITAL<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action Number  1:08-cv-00706/RMU<br>)     Judge R M U<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS HOWARD UNIVERSITY & HOWARD UNIVERSITY HOSPITAL'S MOTION TO DISMISS

Defendants Howard University and Howard University Hospital (the "Defendants"), by and through their undersigned counsel, file this Motion to Dismiss the Complaint filed by Rossi M. Potts for failing to state a claim upon which relief can be granted and being time barred by the Statute of Limitation.  In support of its Motion, Defendant refers this Honorable Court to the attached Memorandum of Points and Authorities.

Respectfully submitted:

BY:   **HOWARD UNIVERSITY**

_____\s\_____
Leroy T. Jenkins, Jr., Esquire
Bar #414080
Deputy General Counsel for Employment
and Labor Affairs
Office of the General Counsel
2400 6th Street, N.W.
Suite 321
Washington, DC 20059

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Motion To Dismiss Plaintiff's Amended Complaint and Memorandum of Points and Authorities was filed electronically and sent by first class mail, postage pre-paid, on this 22nd day of August, 2008 to:

Rossi M. Potts
14124 Bishop Claggett Court
Upper Marlboro, Maryland 20772

_____\s_____<br>
Leroy T. Jenkins, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSSI M. POTTS<br><br>Plaintiff,<br><br>v.<br><br>HOWARD UNIVERSITY &<br>HOWARD UNIVERSITY<br>HOSPITAL<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action Number 1:08-cv-00706/RMU<br>)     Judge R M U<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, Howard University ("the University) and Howard University Hospital (the Hospital), by and through the undersigned counsel, submits this Memorandum of Points and Authorities in support of its Motion to Dismiss and states the following:

### STATEMENT OF FACTS

From June 25, 1994, until April 19, 2002, Plaintiff Rossi M. Potts ("Plaintiff" or "Potts") was employed by Howard University in the Howard University Hospital ("HUH") as an echocardiography technologist. Memorandum in Support of Motion of Howard University to Dismiss Consolidated Amended Complaint ("Howard Memo") at p.1. While an employee of the University, Potts was a member of Local 2094 of the American Federation of State, County and Municipal Employees ("Local 2094" or the "Union"). Id. The Union and Howard University

3

were, at all times relevant to this action, parties to a Collective Bargaining Agreement dated September 28, 1992 (the "Collective Bargaining Agreement" or "CBA"). Id.

On April 19, 2002, after numerous warnings, Potts was terminated by Howard University for continued unauthorized actions outside the boundaries of his job responsibilities. Id. In this final incident, Potts had, without medical authorization or direction, placed a hospital patient on a monitoring device and then failed to monitor that patient's condition. Id.

Despite mandatory arbitration provisions contained in the CBA, Potts did not file a grievance with the Union. Id. at p.2. He did not bring a complaint before the District of Columbia Human Rights Commission or the U.S. Equal Employment Opportunity Commission. Id. In fact, he took no action concerning his termination until he brought a series of identical lawsuits beginning in October 25, 2004. Id.

The first lawsuit was filed on October 25, 2004, in the Superior Court for the District of Columbia and served on Howard University on November 4, 2004. Id. The University timely removed the action to the United States District Court for the District of Columbia. A second lawsuit, making the same claims on the same facts, in nearly identical language was brought in the District Court on November 4, 2004. Id. On June 30, 2005, Potts filed a third suit on the same set of facts in the district court and an identical complaint in the superior court. Id. The University timely removed the superior court action to the district court.

On January 20, 2006, the parties met for a scheduling conference before Judge Urbina. During the course of that conference it became clear to all parties that Potts had filed voluminous and duplicative complaints and that all four cases were based on the same set of facts. Id. The cases were assigned to Magistrate Judge Robinson for settlement. After meeting with the parties on February 21, 2006, Magistrate Judge Robinson, with Potts' consent, consolidated the four

4

open cases and directed Potts to file a consolidated amended complaint on or before March 21, 2006. Id.

The consolidated complaint was difficult to understand. It consisted largely of a series of non sequitors, legal jargon and statutory citations. Six out of the eight counts of the consolidated complaint failed to state a single fact.

On April 21, 2006, Howard University brought a Motion to Ddismiss. Potts opposed that motion. On January 4, 2007, the United States District Court for the District of Columbia, Ricardo M. Urbina, J. dismissed Potts' action. On February 1, 2007, Plaintiff noted an appeal from that Order.

On January 11, 2008, the United States Court of Appeals for the District of Columbia Circuit affirmed the District Court's dismissal of all the claims of Mr. Potts, other than his claim of gender discrimination.  That sole claim was remanded back to the District Court for further proceedings.

On April 24, 2008, Plaintiff filed a new complaint which is the subject of this motion against HU and HUH for discrimination and retaliation in the United States District Court of Columbia. Following this Complaint, Plaintiff filed an Amended Complaint on May 2, 2008 in the United States District Court of Columbia. Like the previous consolidated complaint, this amended complaint is also difficult to understand and is remarkably similar to its predecessors. However, the complaints are based on the same facts and circumstances underlying his original complaint filed four years ago on October 25, 2004.

Defendants HU and HUH filed an answer to the Amended Complaint on May 27, 2008. In this lawsuit Plaintiff again alleges that the Hospital discriminated against him in 1999 by hiring a female to do the job that he had been hired to do while he was on military duty, with

more pay than he was receiving and retaliated against him by terminating his employment on April 19, 2002 for bringing Complaints against the University with the District of Columbia Office of Human Rights (DCOHR) and the United States Equal Employment Opportunity Commission (EEOC)..

## I. ARGUMENT

### A. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Although the complaint must be liberally construed in the plaintiff's favor, the Court need not accept "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint, nor "legal conclusions cast in the form of factual allegations." Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002), quoting Kowal v. MCI Commc'n Corp., 16 F.3d 1271, 1275 (D.C. Cir. 1994).

### B. Plaintiff's Claim For Relief Is Time Barred By the Statute of Limitations.

This Court reviews a Motion to Dismiss as *de novo* matter, and applies the same standards as the trial court in considering the Motion. Under D.C. Code § 12-301, there are several enumerated purposes that have specific time periods by which a plaintiff is allowed to bring a claim. Pursuant to D.C. Code § 12-301(8), "for which a limitation is not otherwise specifically prescribed," the designated time period is three (3) years. As a result, the Plaintiff's claim must have been filed in the Superior Court within three (3) years of the date of the facts about which he complains. Additionally, the statute of limitations in this case begins to run on the first day on which discovery will show that the Plaintiff had a bona fide lawsuit based on injury. Wagner v. Sellinger, 847 A.2d 1151, 1155 (D.C. 2004).

The District of Columbia's three-year statute of limitations is applicable in this case, because the facts of this case fall within the category of claims. The Plaintiff's alleged incident occurred no later than February of 1999 (Am. Compl. 3). Therefore, the statute of limitations expired in February 2002. Potts' amended complaint is now rehashing old and worn out allegations that are without merit. He first filed a lawsuit based on these same facts on October 25, 2004 and after three further similar lawsuits, the court consolidated the cases and eventually dismissed the claims. In this instant action, Plaintiff's claim for relief, relying on the same 1999 and 2002 facts and circumstances is time barred and this Court should dismiss his Complaint against Defendants. No new and timely facts are alleged in this latest complaint.

The Plaintiff argues in not so coherent language that HU and HUH discriminated against him because of his sex and retaliated by firing him because he filed a complaint with the DCOHR and the EEOC.[1] These claims are baseless and as a result, this court should grant the motion to dismiss.

### C. Plaintiff's Military Commitment is Irrelevant.

Plaintiff was aware of his military status and consequence as far back as 1998. When Potts originally brought suit against HU and HUH in 2004, he did not claim this military exemption, which was available at that time. Under the D.C. Code § 12-301, the Plaintiff's action may not be brought after the expiration of the three-year statute of limitation. Plaintiff's Complaint should have been filed by the end of April, 2005 in order to be within the time limitation. Plaintiff's claim was not filed until April 24, 2008, three years beyond the date of limitation. In this present action, it appears that Potts' recently discovered that as a military officer, he observed particular privileges regarding job protection, if called away to serve in active duty.

---

[1] In a Letter of Determination dated December 21, 2004, the Director of the DCOHR, Kenneth L. Saunders found that there was no probable cause to believe that Howard University retaliated against Rossi. M. Potts for filing a discrimination complaint with the DCOHR.

7

However, this is irrelevant, *inter alia,* because of the tolling of the statute of limitations. It should be noted that the plaintiff was not terminated because he was "called away from duty." As such, Plaintiff's claim is time barred, irrelevant, and should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, this Honorable Court should affirm the dismissal of this case.

Respectfully submitted,

By: _____\\s\_____
Leroy T. Jenkins, Jr., Bar No. 414080
Deputy General Counsel of
Employment and Labor Affairs
Howard University
Office of the General Counsel
2400 6th Street, N.W., Suite 321
Washington, D.C. 20059
(202) 806-2650 (Office)
(202) 806-6357 (Fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSSI M. POTTS )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HOWARD UNIVERSITY & )<br>HOWARD UNIVERSITY )<br>HOSPITAL )<br>)<br>Defendants. )<br>) | Civil Action Number  1:08-cv-00706/RMU<br>Judge R M U |

## ORDER

Upon consideration of the motion by Howard University To Dismiss Plaintiff's Amended Complaint  and the Memorandum of Points and Authorities in support of the motion herein, and any opposition thereto, it is this ____ day of _____, 2008.

**ORDERED:**  that the motion shall be **GRANTED**;

**FURTHER ORDERED:**  that this case shall be dismissed with prejudice.

_____
Judge Ricardo M. Urbina

**Copies to:**

Leroy T. Jenkins, Bar No. 414080
Deputy General Counsel of Employment and
Labor Affairs
Howard University

9

Office of the General Counsel
2400 6th Street, N.W., Suite 321
Washington, D.C. 20059
(202) 806-2650 (Office)
(202) 806-6357 (Fax)


Rossi M. Potts
14124 Bishop Claggett Court
Upper Marlboro, Maryland 20772