UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ROSSI M. POTTS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-0706 (RMU) |
| | : | | |
| v. | : | Document No.: | 12 |
| | : | | |
| HOWARD UNIVERSITY HOSPITAL | : | | |
| | : | | |
| and | : | | |
| | : | | |
| HOWARD UNIVERSITY, | : | | |
| | : | | |
| Defendants. | : | | |

MEMORANDUM OPINION

GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' MOTION TO DISMISS

I. INTRODUCTION

This matter comes before the court on the defendants' motion to dismiss and the plaintiff's opposition thereto.  The plaintiff, a former employee of Howard University Hospital, alleges employment discrimination based on his sex and his military service obligations, as well as termination in retaliation for filing a complaint with the District of Columbia Office of Human Rights ("OHR").  The defendants have moved to dismiss on statute of limitations grounds.  Because the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301 *et seq.*, prohibits the application of a statute of limitations, the court denies the defendants' motion to dismiss the plaintiff's USERRA claim.  But because the statute of limitations unambiguously bars the claims that the plaintiff alleges under the D.C. Code, the court grants the defendants' motion to dismiss as to these claims.

## II.  FACTUAL & PROCEDURAL BACKGROUND[1]

The defendants employed the plaintiff as an Echocardiograph Technologist ("ET") from June 1994 until April 2002.  Pl.'s Opp'n to Mot. to Dismiss ("Pl.'s Opp'n") at 1, 2.  Because the plaintiff was a member of the authorized collective bargaining unit, the parties were subject to a collective bargaining agreement ("CBA").  *Id.* at 1; Defs.' Mot. at 3-4.  Additionally, while he was employed by the defendant, the plaintiff served as a member of the U.S. Air Force Reserves.  Pl.'s Opp'n at 1.  For approximately three months in 1998, the plaintiff was on leave for mandatory reserve military training.  *Id.* at 2; Am. Compl. at 8.  The plaintiff provided the defendants with documentation regarding his military obligations and the defendants' corresponding legal obligations.  Am. Compl. at 8-9; Pl.'s Opp'n at 2.

During all times relevant to this action, the plaintiff held the junior of two ET positions; Jane Spencer held the senior ET position.  Pl.'s Opp'n at 1.  When Spencer became ill, the defendants hired Colleen Williams in August 1999 to fill Spencer's spot.  *Id.* at 2.  The plaintiff alleges that the defendants chose not to hire him to fill the senior ET position, in violation of the CBA's requirement that hiring be based on seniority, because of his military obligations and because of his sex.  *Id.* at 1-2.  After the plaintiff was passed over for promotion to the senior ET position, he filed complaints with the OHR and the U.S. Equal Employment Opportunity Commission ("EEOC").  *Id.*; Am. Compl. at 4.  Then, in April 2002, the defendants terminated the plaintiff, stating that he had placed a patient on a monitoring system without authorization

---

[1]  Although there are discrepancies between the parties' accounts of some events and dates leading up to the instant action, for the purposes of Rule 12(b)(6) motions the court treats all of the plaintiff's factual allegations as true.  *Macharia v. United States*, 334 F.3d 61, 67 (D.C. Cir. 2003).

and had failed to monitor the patient. Pl.'s Opp'n at 2-3; Defs.' Mot. at 4. The plaintiff filed a second complaint with the OHR following his termination. Pl.'s Opp'n at 3. The initial OHR investigation concluded and the OHR issued the plaintiff a right to sue letter on August 18, 2004. After the second OHR investigation concluded, the OHR issued another right to sue letter on April 1, 2005. *Id.* The plaintiff filed his original complaint in this court on April 24, 2008, which he amended shortly thereafter.[2] The defendants move to dismiss, arguing that the statute of limitations bars the plaintiff's claims. The plaintiff opposes the motion. The court now turns to the parties' arguments.

### III.  ANALYSIS

#### A.  Legal Standard for Rule 12(b)(6) and Statute of Limitations

A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint. *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998). Because statute of limitations issues often depend on contested questions of fact, however, the court should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). Rather, the court should grant a motion to dismiss only if the complaint on its face is conclusively time-barred. *Id.*; *Doe v. Dep't of Justice*, 753 F.2d 1092, 1115 (D.C. Cir. 1985). If "no reasonable person could disagree on the

---

[2]  The plaintiff filed his complaint and amended complaint *pro se*. *See* Compl.; Am. Compl. The plaintiff has since retained counsel, however, and it was counsel who filed the plaintiff's opposition to the defendants' motion to dismiss, *see* Notice of Appearance (Sept. 8, 2008); Pl.'s Opp'n.

date" on which the cause of action accrued, the court may dismiss a claim on statute of limitations grounds. *Smith v. Brown & Williamson Tobacco Corp.*, 3 F. Supp. 2d 1473, 1475 (D.D.C. 1998) (citing *Kuwait Airways Corp. v. Am. Sec. Bank, N.A.*, 890 F.2d 456, 463 n.11 (D.C. Cir. 1989)).

### B. The Court Denies the Defendants' Motion to Dismiss the USERRA Claim

The plaintiff alleges that the defendants violated USERRA by intentionally denying him a promotion because of his service obligations.[3]  Am. Compl. at 5-6.  The defendants move to dismiss the plaintiff's USERRA claim, arguing that it is barred by D.C. Code § 12-301(8), which establishes a three-year statute of limitations if one is "not otherwise specially prescribed."  Defs.' Mot. at 6-7.  The plaintiff argues that the claim cannot be time-barred because USERRA clearly states that there is no statute of limitations.  Pl.'s Opp'n at 5.

USERRA explicitly directs that no state statute of limitations shall apply to claims

---

[3] The Amended Complaint contains two additional claims not raised in either the defendants' motion to dismiss or the plaintiff's opposition.  First, the plaintiff alleges violations under 29 U.S.C. § 206(d), which prohibits discrimination on the basis of sex by employers subject to the Equal Pay Act of 1963/Fair Labor Standards Act of 1938.  This section, however, contains a statute of limitations of two years after the cause of action has accrued.  29 U.S.C. § 255.  These actions are "forever barred unless commenced within two years," except that actions arising out of a "willful violation" may be commenced within three years.  *Id.*  The latest date the cause of action could have accrued is April 1, 2005, when the plaintiff alleges the second D.C. Office of Human Rights investigation concluded and a right to sue letter was issued.  Pl.'s Opp'n at 3.  Because the plaintiff did not initiate this action until April 24, 2008 – over three years later – the statute of limitations bars this claim.  Second, the Amended Complaint refers to 18 U.S.C. §§ 241, 372, 1001(a)(1)-(3) and 1001(c)(1)-(2), which are not addressed in either the defendants' motion or the plaintiff's opposition.  Am. Compl. at 11, 12, 23, 31.  While it is unclear whether the plaintiff intended to assert these as claims, the court notes that criminal code provisions provide no basis for a private, civil cause of action.  *See Keyter v. Bush*, 2004 WL 3591125, at *2 (D.D.C. Aug. 6, 2004) (dismissing claims brought under Title 18 of the United States Code because criminal statutes do not create a private right of action).

brought under USERRA.  43 U.S.C. § 4327.[4]  USERRA, in protecting the rights of veterans and members of the uniformed services, has been "broadly construed in favor of its military beneficiaries."  *Beattie v. Trump Shuttle, Inc.*, 758 F. Supp. 30, 34 (D.D.C. 1991) (citing *Coffy v. Republic Steel Corp.*, 447 U.S. 191, 196 (1980)).  Because USERRA proscribes applying a state statute of limitations, courts analyzing whether a USERRA claim is time-barred have done so under the doctrine of laches rather than on statute of limitations grounds.  *See, e.g.*, *Maher v. City of Chicago*, 406 F. Supp. 2d 1006, 1030-31 (N.D. Ill. 2006) (holding that an eight-year delay in filing was reasonable because the reservist feared further retaliation and the city failed to show prejudice due to the delay in filing), *aff'd*, 547 F.3d 817 (7th Cir. 2008); *McLain v. City of Somerville*, 424 F. Supp. 2d 329, 336-37 (D. Mass. 2006) (holding that a three-year delay in filing was not so unreasonable as to justify applying the doctrine of laches because the city had not demonstrated prejudice due to the delay).[5]  As a result, the court rejects the defendants' contention that the three-year statute of limitations contained in D.C. Code § 12-301(8) bars the plaintiff's USERRA claim and denies the defendants' motion to dismiss this claim.

---

[4]   In support of his contention that USERRA prohibits the application of a statute of limitations, the plaintiff cites the 1998 version of the statute.  Pl.'s Opp'n at 5 (citing 38 U.S.C. § 4323(i) (1998)).  The court notes that USERRA was amended, effective October 10, 2008, to omit subsection (i).  *See* 38 U.S.C. § 4323.  The 2008 amendment, however, added a new section to USERRA establishing that "[i]f any person seeks to file a complaint or claim with . . . a Federal or State court . . . alleging a violation of [USERRA], there shall be no limit on the period for filing the complaint or claim."  38 U.S.C. § 4327(b).  Thus, the amendment of the statute does not affect the court's statute of limitations inquiry.

[5]   Were the court to consider the doctrine of laches, it is not clear that the filing of the complaint would be so unreasonable as to bar the claim, nor is it apparent that the delay has caused any prejudice to the defendants.  Accordingly, the doctrine would not be a proper basis for a motion to dismiss.  *See, e.g.*, *NAACP v. NAACP Legal Def. & Educ. Fund, Inc.*, 753 F.3d 131, 137 (D.C. Cir. 1985); *Gull Airborne Instruments, Inc. v. Weinberger*, 694 F.2d 838, 843 (D.C. Cir. 1982).

### C. The Court Grants the Defendant's Motion to Dismiss the
### Claims Brought Under the D.C. Code

The amended complaint also mentions D.C. Code §§ 2-1402.01, 2-1402.61, 2-1402.64, 2-1402.65, 2-1402.68, 2-1403.07 and 2-1403.13(a)(1)-(2) in the discussion of the defendants' allegedly discriminatory conduct. Am. Compl. at 12, 22, 31. The defendants argue that these claims are barred by the three-year "catch-all" provision of the D.C. Code § 12-301(8). Defs.' Mot. at 6-7. The plaintiff does not discuss these claims in his opposition. *See generally* Pl.'s Opp'n.

The defendants correctly assert that § 12-301(8) provides a "catch-all" statute of limitations of three years for causes of action without a specified statute of limitations. D.C. CODE § 12-301(8). The sections of the D.C. Code that the plaintiff invokes, however, provide their own statute of limitations of one year. D.C. CODE § 2-1403.16(a) (stating that "[a] private cause of action pursuant to [Chapter 14 of Title 2 of the D.C. Code] shall be filed in a court of competent jurisdiction within one year of the unlawful discriminatory act, or the discovery thereof"). As discussed in note 3 *supra*, the latest date the plaintiff's cause of action could have accrued is April 1, 2005, when the second OHR investigation concluded and a right to sue letter was issued. Pl.'s Opp'n at 3. Because the plaintiff did not file the instant suit until April 24, 2008, his claims under the D.C. Code are conclusively time-barred; accordingly, the court grants the defendants' motion to dismiss as to these claims.

## CONCLUSION

For the foregoing reasons, the court grants in part and denies in part the defendants' motion to dismiss. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 20th day of February, 2009.

RICARDO M. URBINA
United States District Judge
