UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ROSSI M. POTTS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-0706 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 20 |
| | : | | |
| HOWARD UNIVERSITY HOSPITAL | : | | |
| | : | | |
| and | : | | |
| | : | | |
| HOWARD UNIVERSITY, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

CONSTRUING THE DEFENDANTS' "REPLY" AS A MOTION TO ALTER OR AMEND AN
INTERLOCUTORY JUDGMENT; RECONSIDERING THE PARTIAL DENIAL OF THE
DEFENDANTS' MOTION TO DISMISS

**I. INTRODUCTION**

This matter is before the court on the defendants' submission of March 3, 2009, which, for the reasons discussed below, the court construes as a motion to alter or amend its interlocutory judgment of February 20, 2009. The plaintiff brought this action under the D.C. Code as well as the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301 *et seq.*, alleging that the defendants, Howard University and Howard University Hospital, discriminated against him on the basis of his gender and military service obligations. The court dismissed the claims brought under the D.C. Code, and it will not revisit that decision here. But because a four-year statute of limitations applies to the plaintiff's USERRA claim pursuant to federal statute, the court reconsiders the reasoning underlying its denial of the defendants' motion to dismiss that claim. As the court's reasoning herein does not

affect its previous holding, the court does not alter its denial of the defendants' motion to dismiss the plaintiff's USERRA claim.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The court discussed the details of this case in the memorandum opinion issued on February 20, 2009 and will only briefly summarize them here.  *See* Mem. Op. (Feb. 20, 2009). The plaintiff filed a complaint in this court on April 24, 2008, which he amended shortly thereafter.  *See* Compl.; Am. Compl.  The plaintiff alleges that during his employment from June 1994 to August 2002, the defendants discriminated against him on the basis of his military service obligations and his gender, which ultimately led to his termination.  Am. Compl. at 5-6. The plaintiff claims the defendants' actions violated USERRA.  *Id*.  The defendants moved to dismiss the plaintiff's claims on statute of limitations grounds on August 22, 2008.  Defs.' Mot. to Dismiss.  The plaintiff opposed the motion, arguing that because no statute of limitations applies to claims brought under USERRA, his claim should not be dismissed.  Pl.'s Opp'n to Defs.' Mot. to Dismiss.  The defendants did not timely file a reply in support of their motion.

On February 20, 2009, the court issued a memorandum opinion and order granting in part and denying in part the defendants' motion to dismiss.  Mem. Op. (Feb. 20, 2009).  More specifically, the court dismissed as time-barred the claims brought under the D.C. Code, but denied the motion to dismiss the USERRA claim.  *Id*.  The defendants then submitted a pleading captioned as a "reply" on March 3, 2009.  Defs.' Mot. to Alter or Amend Interlocutory J.

Because the defendants submitted the "reply" in support of their motion months after it was due[1] – indeed, after the court had already issued its memorandum opinion and order resolving the motion – the court construes it as a motion to alter or amend an interlocutory judgment under Federal Rule of Civil Procedure 54(b). The court now clarifies the reasoning underlying its denial of the defendants' motion to dismiss the plaintiff's USERRA claim.

### III.  ANALYSIS

#### A.  Legal Standard for Altering or Amending an Interlocutory Judgment

A district court may revise its own interlocutory decisions "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." FED. R. CIV. P. 54(b); *see also Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000) (citing Federal Rule of Civil Procedure 60(b)'s Advisory Committee Notes).  The standard for the court's review of an interlocutory decision differs from the standards applied to final judgments under Federal Rules of Civil Procedure 59(e) and 60(b).  *Compare Muwekma Tribe v. Babbitt*, 133 F. Supp. 2d 42, 48 n.6 (D.D.C. 2001) *and United Mine Workers v. Pittston Co.*, 793 F. Supp. 339, 345 (D.D.C. 1992) *with LaRouche v. Dep't of Treasury*, 112 F. Supp. 2d 48, 51-52 (D.D.C. 2000) *and Harvey v. District of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996).  A motion pursuant to Rule 59(e), to alter or amend a judgment after its entry, is not routinely granted.  *Harvey*, 949 F. Supp. at 879.  The primary reasons for altering or amending a judgment pursuant

---

[1]  Pursuant to Local Civil Rule 7(d), the defendants' reply in support of their motion to dismiss was due on September 13, 2008.  *See* LCvR 7(d) (stating that "within five days after service of the memorandum in opposition the moving party may serve and file a reply memorandum").  The defendants offered no explanation for their failure to file a timely reply.

to Rule 59(e) are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.  *Id.*; *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam).  Motions pursuant to Rule 60(b) may be granted for similar reasons.  FED. R. CIV. P. 60(b); *LaRouche*, 112 F. Supp. 2d at 51-52.  By contrast, reconsideration of an interlocutory decision pursuant to Rule 54(b) is available "as justice requires."  *Childers*, 197 F.R.D. at 190.

"As justice requires" indicates concrete considerations of whether the court "has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court."  *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004) (internal citation omitted).  These considerations leave a great deal of room for the court's discretion and, accordingly, the "as justice requires" standard amounts to determining "whether reconsideration is necessary under the relevant circumstances."  *Id.*  Nonetheless, the court's discretion under Rule 54(b) is limited by the law of the case doctrine and "subject to the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."  *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal citations omitted).

### B.  Legal Standard for Rule 12(b)(6) and Statute of Limitations

A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint.  *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998).  Because

statute of limitations issues often depend on contested questions of fact, however, the court should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). Rather, the court should grant a motion to dismiss only if the complaint on its face is conclusively time-barred. *Id.*; *Doe v. Dep't of Justice*, 753 F.2d 1092, 1115 (D.C. Cir. 1985). If "no reasonable person could disagree on the date" on which the cause of action accrued, the court may dismiss a claim on statute of limitations grounds. *Smith v. Brown & Williamson Tobacco Corp.*, 3 F. Supp. 2d 1473, 1475 (D.D.C. 1998) (citing *Kuwait Airways Corp. v. Am. Sec. Bank, N.A.*, 890 F.2d 456, 463 n.11 (D.C. Cir. 1989)).

### C. The Court Reconsiders the Reasoning Underlying its Denial of the Defendants' Motion to Dismiss the Plaintiff's USERRA Claim

In his opposition to the defendants' motion to dismiss, the plaintiff noted that USERRA "very clearly states that '[n]o State statute of limitations shall apply to any proceeding under this chapter.' The statute is crystal clear that there is absolutely no statute of limitations for these types of actions." Pl.'s Opp'n to Defs.' Mot. to Dismiss at 4. The defendants did not timely respond to this assertion, and in the February 20, 2009 memorandum opinion and order, the court held that the plaintiff's USERRA claim was not time-barred. Mem. Op. (Feb. 20, 2009) at 4-5. The court observed that the plaintiff had quoted the language of the previous version of USERRA and that Congress had since amended the statute in October 2008. *Id.* at 5. But because the defendants had referenced only a state statute of limitations to support their argument that the plaintiff's USERRA claim was time-barred, the court stated that the 2008 amendment did not affect its analysis. *Id.* The court now reconsiders the reasoning underlying that determination.

5

The defendants now assert that the four-year statute of limitations established in 28 U.S.C. § 1658 applies to the plaintiff's USERRA claim.[2]  Defs.' Mot. to Alter or Amend Interlocutory J. at 3-5.  The defendants contend that the statute of limitations began to run no later than August 1999, when the defendants chose Colleen Williams rather than the plaintiff to fill a vacant position that the plaintiff applied for.  *Id.* at 4.  Because the plaintiff filed suit in April 2008, the defendants urge the court to dismiss the claim as time-barred.  *Id.* at 4-5.

To determine whether a statute of limitations applies to the plaintiff's USERRA claim, the court must examine the version of the statute that applied when the plaintiff filed suit.  The 1998 version of USERRA stated that "no State statute of limitations shall apply to any proceeding under [USERRA]," 38 U.S.C. § 4323(I) (1998), whereas the current version, amended in October 2008, precludes application of all statutes of limitations – both federal and state – by stating simply that "there shall be no limit on the period for filing" a USERRA claim, 38 U.S.C. § 4327(b).  Thus, under the version of the statute that was in effect when the plaintiff initiated this suit in April 2008, his claim was subject to the four-year "catch-all" federal statute of limitations set forth in 28 U.S.C. § 1658.  *See, e.g.*, *Wagner v. Novartis Pharm. Corp.*, 565 F. Supp. 2d 940, 945 (D. Tenn. 2008) (dismissing the plaintiff's USERRA claims because they were not filed within the four-year federal statute of limitations established in 28 U.S.C. § 1658); *accord O'Neil v. Putnam Retail Mgmt.*, 407 F. Supp. 2d 310, 316 (D. Mass. 2005).

Contrary to the defendants' assertion, the latest possible date the plaintiff's cause of action could have accrued is April 1, 2005, when the plaintiff alleges the second D.C. Office of

---

[2] 28 U.S.C. § 1658(a) establishes that "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."

Human Rights investigation concluded and a right to sue letter was issued.  Mem. Op. (Feb. 20, 2009) at 4 n.3.  Because the plaintiff filed suit on April 24, 2008, his claim is not conclusively time-barred.  As a result, the court reconsiders the reasoning underlying its earlier judgment determining that no statute of limitations applies to the plaintiff's USERRA claim, *see Harvey*, 949 F. Supp. at 879; *Firestone*, 76 F.3d at 1208, but maintains its previous holding that the plaintiff's USERRA claim is not conclusively time-barred.[3]

## IV.  CONCLUSION

For the foregoing reasons, the court denies the defendant's motion to alter or amend the court's interlocutory judgment.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 10th day of June, 2009.

RICARDO M. URBINA
United States District Judge

---

[3] The defendants also assert that "even if this action is not barred by the general federal statute of limitations, [the plaintiff's] claim is barred by the doctrine of laches" due to his delay in instituting this lawsuit.  Defs.' Mot. to Alter or Amend Interlocutory J. at 3-5.  But because a congressionally mandated statute of limitations governs this case, the defense of laches is not available.  *See Combs v. W. Coal Corp.*, 611 F. Supp. 917, 920 (D.D.C. 1985) (holding that "there is an applicable statute of limitations which has not yet expired, so defendant cannot rely on laches as a defense") (citing *United States v. Repass*, 688 F.2d 154, 158 (2d Cir. 1982); *United States v. Mack*, 295 U.S. 480, 489 (1935)).