UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROSSI M. POTTS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 08-0706 (RMU) |
| | : | |
| v. | : | Re Document No.: 31 |
| | : | |
| HOWARD UNIVERSITY *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### DENYING THE DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT

### I. INTRODUCTION

This matter comes before the court on the motion for a more definite statement filed by the defendants, Howard University and Howard University Hospital.[1] The plaintiff, proceeding *pro se* at the time,[2] brought suit in April 2008, alleging that the defendants discriminated against him on the basis of his gender and military service obligations in violation of the District of Columbia Code, §§ 2-1401.01 *et seq.*, and the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301 *et seq*. The court previously dismissed the claims brought under the D.C. Code, but denied the defendants' motion to dismiss the plaintiff's USERRA claim. The defendants must now answer the plaintiff's second amended complaint, but assert that an answer is impossible without a more definite statement of the claim

---

[1] The defendants note that Howard University Hospital is an "unincorporated unit of the University" and therefore refers to Howard University as the sole defendant. *See generally* Defs.' Mot. The plaintiff refers to the defendant as Howard University Hospital. *See generally* Pl.'s Opp'n. Because the case caption includes both entities, this Memorandum Opinion will refer to Howard University and Howard University Hospital collectively as "the defendants."

[2] The plaintiff retained counsel in September 2008.

from the plaintiff. Because the plaintiff's second amended complaint satisfies the liberal pleading requirements set forth in Federal Rule of Civil Procedure 8, and because the defendants may seek more specific information about the plaintiff's USERRA claim during discovery, the court denies the defendants' motion for a more definite statement.

## II. FACTUAL & PROCEDURAL BACKGROUND

The court discussed the factual background of this case in a memorandum opinion dated February 20, 2009, and will only briefly summarize it here. *See* Mem. Op. (Feb. 20, 2009) at 2-3. The plaintiff filed a complaint in this court on April 24, 2008, *see generally* Compl., and filed a first amended complaint on May 2, 2008, *see generally* 1st Am. Compl. The defendants answered the plaintiff's first amended complaint on May 29, 2008. *See* Answer. The plaintiff again amended his complaint on June 26, 2008.[3] *See generally* 2d Am. Compl. Shortly thereafter, the defendants filed a motion to dismiss the second amended complaint, which the court granted in part and denied in part, leaving the plaintiff's USERRA claim as the only remaining claim. *See generally* Mem. Op. (Feb. 20, 2009).

Instead of answering the second amended complaint, the defendants filed a motion for leave to file a motion for a more definite statement. *See* Defs.' Mot. for Leave to File. The court granted as conceded the motion for leave to file, and the underlying motion for a more definite statement was deemed filed on January 14, 2010. *See* Minute Order (Jan. 14, 2010). With this motion now fully submitted, the court turns to the applicable legal standard and the parties' arguments.

---

[3] The first amended complaint, to which the defendants filed an answer, appears to be identical to the second amended complaint. *Compare* 1st Am. Compl. *with* 2d Am. Compl.

# III. ANALYSIS

## A. Legal Standard for a Motion for a More Definite Statement

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (stating that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)"); *see also Hodgson v. Va. Baptist Hosp., Inc.*, 482 F.2d 821, 823 (4th Cir. 1973) (stating that Rule 12(e) must be read in conjunction with Rule 8(a)). "[W]hen a defendant is unclear about the meaning of a particular allegation in the complaint, the proper course of action is not to move to dismiss but to move for a more definite statement." *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 725 (7th Cir. 1986) (citing *United States v. Employing Plasterers Ass'n*, 347 U.S. 186, 189 (1954)).

Given the liberal nature of the federal pleading requirements, courts are reluctant to compel a more definite statement pursuant to Rule 12(e) out of fear that such action will become a substitute for discovery. *Fraternal Order of Police Library of Cong. Labor Comm. v. Library of Cong.*, 692 F. Supp. 2d 9, 19 (D.D.C. 2010) (citing *Hilska v. Jones*, 217 F.R.D. 16, 25 (D.D.C. 2003)); *see also Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959) (determining that the information sought was an issue for discovery rather than the pleadings). Moreover, "[w]hen the complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement and require the defendant to bring the case to issue by filing a response within the time provided by the rules." *Hodgson*, 482 F.2d at 824 (citing *Mitchell*, 269 F.2d at 132).

Mindful that all litigants are entitled to proper notice pleading under Rule 8(a), however, the court will grant relief pursuant to Rule 12(e) where the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a respons[e]." FED. R. CIV. P. 12(e); *see also Dorsey v. Am. Express Co.*, 499 F. Supp. 2d 1, 3 (D.D.C. 2007) (granting a Rule 12(e) motion where the *pro se* plaintiff's complaint was not detailed enough to provide fair notice); *Bower v. Weisman*, 639 F. Supp. 532, 538 (S.D.N.Y. 1986) (granting a Rule 12(e) motion because the plaintiff's claims lacked clarity and the defendant therefore could not effectively respond to the complaint); *Hilska*, 217 F.R.D. at 25 (concluding that "Rule 12(e) is the most suitable remedy . . . when taking into account the *pro se* status of the plaintiff and the fact that the parties are unable to engage in discovery until they are capable of identifying the claims at issue"); *Saad v. Burns Int'l Sec. Servs. Inc.*, 456 F. Supp. 33, 36 (D.D.C. 1978) (finding that the mere allegations do not suffice to state a claim and ordering the plaintiff to file a more definite statement).

## B. The Court Denies the Defendants' Motion for a More Definite Statement

The defendants claim that it "would be nearly impossible" to respond to the plaintiff's second amended complaint because it is prolix, contains only one paragraph and is "very difficult to understand and to a large extent does no more than recite legal jargon and statute citations." Defs.' Mot. at 3. As such, the defendants claim that the plaintiff's second amended complaint does not comply with Rule 8(a)(2), which requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 4. The defendants assert that after filing the complaint *pro se*, the plaintiff retained counsel, who "should be able to easily prepare a pleading that complies with the Federal Rules of Civil Procedure." *Id.* at 6.

The plaintiff asserts that granting the motion would allow the defendants a second

opportunity to file a motion to dismiss, thus further protracting the resolution of this case and prejudicing the plaintiff. Pl.'s Opp'n at 3. The plaintiff adds that because the defendants previously filed both a motion to dismiss the second amended complaint and an answer to the first amended complaint, the second amended complaint cannot be too vague to require a more definite statement. *Id.* at 4. Finally, the plaintiff argues that if the court understood the USERRA claim well enough to allow it to survive the defendants' motion to dismiss, then the second amended complaint is sufficiently clear to allow the defendants to file an answer. *Id.* at 5.

Rule 12(e) should not frustrate the "liberality" of the notice pleading requirement by requiring a plaintiff to amend a complaint that would be sufficient to survive a motion to dismiss. *Mitchell*, 269 F.2d at 130, 132; *see also Rahman*, 501 F. Supp. 2d at 19 (holding that a more definite statement was not necessary because the plaintiff had provided a sufficient description of factual allegations and those allegations were "readily understandable"). Nevertheless, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 80 (D.D.C. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In this case, the second amended complaint has already partially withstood a motion to dismiss. *See* Mem. Op. (Feb. 20, 2009) at 5 (denying the defendants' motion to dismiss the plaintiff's USERRA claim). Although the court agrees with the defendants that the second amended complaint is far from a model of clarity, it provides the defendants with sufficient notice of the plaintiff's USERRA claim and the facts supporting it under on the lenient standard of Rule 8. *Cf. Haghkerdar v. Husson Coll.*, 226 F.R.D. 12, 14 (D. Me. 2005) (denying a motion

for a more definite statement when the complaint "commingle[d]" claims under various statutes in one count because the factual allegations were "detailed and specific" and each claim related to the same "series of events leading up to her eventual employment termination"); *United Ins. Co. of Am. v. B. W. Rudy, Inc.*, 42 F.R.D. 398, 403 (E.D. Pa. 1967) (stating that Rule 12(e) "contemplates a major ambiguity or omission" that renders a complaint unanswerable). For example, the plaintiff alleges that the defendants typically employed objective criteria for seniority decisions, but deviated from that practice when they denied the plaintiff a promotion because of his obligations to the Air Force Reserves. 2d Am. Compl. at 5-7. The plaintiff references specific dates and conduct in support of this claim, including a conversation during which the plaintiff alleges that his supervisor requested that the plaintiff choose between his service commitments and his obligations to his employer. *Id.* at 6. According to the plaintiff, the defendants continued to harass him regarding his service obligations, ultimately resulting in his termination. *Id.* In short, the plaintiff's pleading is sufficient to put the defendants on notice of his USERRA claim.

Indeed, a review of the defendants' submissions establishes that the defendants understand the crux of the plaintiff's USERRA claim. *See* Defs.' Mot. at 1-3 (summarizing the plaintiff's claim by stating that the plaintiff alleges that "he should have been entitled to a promotion because of the vacancy created by [another employee's] death" that occurred while the plaintiff was on leave to fulfill his obligations to the Air Force Reserves); Defs.' Mot. to Dismiss (Aug. 22, 2008) at 2-3 (summarizing that the plaintiff alleges "that the Hospital discriminated against him in 1999 by hiring a female to do his job that he had been hired to do

while he was on military duty . . . and retaliated against him by terminating his employment" for bringing complaints against the defendants); *cf. Prudhomme v. Proctor & Gamble Co.*, 800 F. Supp. 390, 396 (E.D. La. 1992) (concluding that the fact that the defendant filed a motion to dismiss and a reply proved that the complaint could be responded to). Whether the purpose of the defendants' motion is to receive more specific information about the plaintiff's USERRA claim, as the defendants' proposed order suggests, *see* Defs.' Proposed Order Granting Mot. for a More Definite Statement, or simply to receive a "short[er] and plain[er]" statement of that claim, as the defendants' motion suggests, *see* Defs.' Mot. at 6, discovery is the proper and more efficient means to achieve either end. *See* FED. R. CIV. P. 26(b)(1); *see also Haghkerdar*, 226 F.R.D. at 14 (noting that the "liberal discovery rules" would help the defendant "delineate and hone the facts" underlying the plaintiff's theory); *Pleasants v. Allbaugh*, 208 F.R.D. 7, 11 (D.D.C. 2002) (stating that "the very purpose of discovery is to 'define or clarify issues'" (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978))).

The court further notes that Rule 12(e) motions are disfavored for their dilatory effect on the progress of litigation. *Covington v. City of New York*, 1999 WL 739910, at *9 (S.D.N.Y. Sept. 22, 1999). Requiring the plaintiff in this case to again amend his complaint would delay the prompt resolution of this case. Indeed, it would effectively restart the litigation clock by allowing the defendants to move to dismiss for a second time. *See In re Parmalat Sec. Litig.*, 421 F. Supp. 2d 703, 713 (S.D.N.Y. 2006) (explaining that an amended complaint "supercedes" the original and "entitles a defendant to raise substantive arguments" in a new responsive pleading, even if those arguments were not raised in response to the original complaint); *Chase*

*v. Peay*, 286 F. Supp. 2d 523, 531 (D. Md. 2003) (stating that an amended complaint "opens the door for defendants to raise new and previously unmentioned affirmative defenses" (quoting *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999))). Therefore, the court concludes that ordering the plaintiff to amend his complaint is unnecessary because the plaintiff has complied with the liberal pleading standards and because discovery will elucidate the plaintiff's USERRA claim.

### IV. CONCLUSION

For the foregoing reasons, the court denies the defendants' motion for a more definite statement. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 12th day of August, 2010.

RICARDO M. URBINA
United States District Judge