UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ROSSI M. POTTS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-00706 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 44 |
| | : | | |
| HOWARD UNIVERSITY HOSPITAL *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

# MEMORANDUM OPINION

### GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the court on the defendants' motion for summary judgment. The *pro se* plaintiff is a former employee of Howard University Hospital ("Hospital") and a member of the United States Air Force Reserves. He brings a suit for employment discrimination against the defendants, Howard University and the Hospital. The plaintiff alleges that the defendants violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), codified at 38 U.S.C. §§ 4301 *et seq.*, by denying him a promotion because he went on a three-month military leave. The defendants now move for summary judgment, arguing that the plaintiff offers no evidence that he was discriminated against on the basis of his military status. Because no reasonable juror could conclude from the record that the plaintiff was discriminated against on the basis of his military status, the court grants the defendants' motion.

## II. FACTUAL & PROCEDURAL BACKGROUND

The plaintiff was employed by the defendants as an Echocardiograph Technologist

("ET") from June 1994 until April 2002. Defs.' Mot. at 1, 2. During this period, he also served as a member of the United States Air Force Reserves. *Id.*; Pl.'s Opp'n at 2. According to the plaintiff, he provided the defendants with documentation regarding his military obligations, which included his requirement to take leave for military training. Am. Compl. at 8-9. He also claims to have given the defendants materials describing their corresponding legal obligations, including USERRA's requirement that employers allow officers like the plaintiff to take leave for military training. *Id.* at 9.

Throughout the course of his employment with the defendants, the plaintiff held one of the Hospital's two ET positions. *Id.* The other position was held by a co-worker named Jane Spencer. *Id.* at 3. The plaintiff and Spencer worked together until May 1998, when Spencer took leave due to illness. *Id.* While Spencer was on sick leave, the plaintiff assisted with training the Hospital's temporary replacement ET, Colleen Williams. *Id.* at 5. A few months later, from September 1998 to December 1998, the plaintiff took leave from his position at the Hospital for mandatory reserve military training. *Id.*; Pl.'s Opp'n at 18. His co-worker, Spencer, passed away in December 1998. Am. Compl. at 9; Pl.'s Opp'n at 11. The following year, in August 1999, the defendants hired Williams to replace Spencer permanently. Am. Compl. at 9.

In response, the plaintiff claimed that the defendants had discriminated against him on the basis of gender by denying him a promotion to the position that Spencer's death had left vacant. Am. Compl. at 4; Pl.'s Opp'n at 21. In November 1999, he filed a complaint with the District of Columbia Office of Human Rights ("DCOHR") and the U.S. Equal Employment Opportunity Commission ("EEOC") asserting these allegations. Am. Compl. at 4.

In April 2002, the defendants terminated the plaintiff for reportedly failing to perform his job responsibilities, as well as for carrying out unauthorized actions outside of such

2

responsibilities. Defs.' Mot. at 4-5. After he was terminated, the plaintiff filed a second complaint with the DCOHR, alleging wrongful termination and retaliation. Am. Compl. at 4.

During 2004 and 2005, the plaintiff initiated several lawsuits against the Hospital alleging, *inter alia*, that the defendants had intentionally discriminated against and wrongfully terminated him under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq. See generally Potts v. Howard Univ.*, Civ. No. 04-1856 (D.D.C. 2004); *Potts v. Howard Univ.*, Civ. No. 05-1317 (D.D.C. 2005); *Potts v. Howard Univ.*, Civ. No. 04-2103, (D.D.C. 2004); *Potts v. Howard Univ.*, Civ. No. 05-1929 (D.D.C. 2005). These lawsuits were subsequently consolidated into one action, which was later dismissed. Min. Order (Feb. 22, 2006).

Apart from that consolidated case, the plaintiff also filed the present action in April 2008. *See generally* Compl. He later amended his complaint in June 2008. *See generally* Am. Compl. At this juncture, the plaintiff's only remaining claim is that the defendants violated USERRA by intentionally denying him a promotion because of his service obligations to the United States Air Force Reserves. *Id.* at 5-6. More specifically, the plaintiff alleges that Spencer's death created a vacancy for a "senior" ET position, an opening to which the plaintiff was entitled because he was senior to Williams. Am. Compl. at 9-10, 21. According to the plaintiff, the defendants chose to not promote him to this allegedly senior ET position because the plaintiff took leave from work for three months to fulfill his military obligations. Pl.'s Opp'n at 19.

The defendants now move for summary judgment. *See generally* Defs.' Mot. With this motion ripe for adjudication, the court turns to the parties' arguments and to the relevant legal standards.

### III.  ANALYSIS

### A.  Legal Standard for Summary Judgment

Summary judgment is appropriate when the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  In order to determine which facts are "material," a court must look to the substantive law on which each claim rests.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine dispute" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment.  *Id.*

The nonmoving party may defeat summary judgment through factual representations made in a sworn affidavit if he "support[s] his allegations . . . with facts in the record," *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (quoting *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993)), or provides "direct testimonial evidence," *Arrington v. United States*, 473 F.3d 329, 338

(D.C. Cir. 2006). Indeed, for the court to accept anything less "would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial." *Greene*, 164 F.3d at 675.

### B. Legal Standard for USERRA

Under USERRA, "a person who is a member of . . . or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation." 38 U.S.C. § 4311(a). If an employer "performs an act motivated by antimilitary animus that is intended . . . to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action, then the employer is liable under USERRA." *Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1194 (2011).

An employee who makes a discrimination claim under USERRA bears the initial burden of showing by a preponderance of the evidence that his "membership . . . or obligation for service in the uniformed services" was a substantial or motivating factor in the adverse employment action. 38 U.S.C. § 4311(c); *see also Erickson v. U.S. Postal Serv.*, 571 F.3d 1364, 1368 (Fed. Cir. 2009); *Lisdahl v. Mayo Found.*, 633 F.3d 712, 721 (8th Cir. 2011). If the employee successfully makes that prima facie showing, the employer can avoid liability by demonstrating that it would have taken the same action anyway for a valid reason, without regard to the employee's military service. *Erickson*, 571 F.3d at 1368; *Pittman v. Dep't of Justice*, 486 F.3d 1276, 1281 (Fed. Cir. 2007).

### C. The Court Grants Summary Judgment to the Defendants

The defendants assert that summary judgment is appropriate because the plaintiff fails to

5

sufficiently allege a prima facie case of discrimination under USERRA for his alleged non-promotion. Defs.' Mot. at 1. According to the defendants, the plaintiff does not offer any evidence that he was denied a promotion on the basis of his military status, an element that is essential to establishing a USERRA discrimination claim. *See id.* at 2. The plaintiff puts forward no response to this argument, other than to reassert that he was passed over for a promotion because he took military leave. *See generally* Pl.'s Opp'n.

To establish a prima facie case of discrimination under USERRA, an employee must demonstrate that his "membership . . . or obligation for service in the uniformed services" was a "substantial or motivating factor" in his employer's alleged adverse employment action against him. *Erickson*, 571 F.3d at 1368; *Lisdahl*, 633 F.3d at 721. More specifically, "[m]ilitary status is a motivating factor if" it can be shown through "direct or circumstantial evidence" that the defendant "relied on, took into account, considered, or conditioned its decision . . . on [that] military service." *Dees v. Hyundai Motor Mfg. Alabama, LLC*, 368 F. App'x 49, 51 (11th Cir. 2010) (quoting *Coffman v. Chaguch Support Serv.*, 411 F.3d 1231, 1238 (11th Cir. 2005)).

In this case, the plaintiff states that he "was intentionally denied . . . a '[p]romotion' because of his obligation to perform services with the uniformed services[, or specifically, that] the employer intentionally failed to recognize him as the senior 'ET' because he participated with the United States Air Force Reserves." Am. Compl. at 6-7. The plaintiff does not offer any factual details or evidence, however, to support this assertion. *See generally id.*; Defs.' Mot. at 2. He fails to provide any direct or circumstantial evidence suggesting that the defendants relied on or even considered his military service when hiring Williams to fill the open position, much less that anti-military animus was a substantial or motivating factor in their decision. *See generally* Am. Compl. *and* Pl.'s Opp'n.

When asked in a deposition if he could produce any documents or evidence indicating that he was denied a promotion due to his military service, the plaintiff replied that he in fact could not. Defs.' Mot., Ex. F. Along these lines, as the defendants correctly point out, Williams was hired to fill Spencer's position in May 1998, a good four months before the plaintiff provided any notice of or took military leave. Defs.' Mot. at 5. It would therefore have been impossible for the defendants to discriminate against the plaintiff for an action that had not yet occurred, and of which they had no prior knowledge. *Id.* To be sure, although the plaintiff attaches a large volume of documents to his opposition, there are no affidavits, interrogatories, depositions or materials otherwise that suggest that he was discriminated against based on his military service. *See generally* Pl.'s Opp'n, Exs. A, B. In any event, the court is not required to sift through hundreds of pages of material, as the plaintiff has provided, to find evidence of a discriminatory animus that he himself admits he cannot proffer. *See Valles-Hall v. Ctr. for Nonprofit Advancement*, 481 F. Supp. 2d 118, 123-24 (D.D.C. 2007) (holding that a "district court should not be obliged to sift through hundreds of pages of depositions, affidavits, and interrogatories in order to make its own analysis and determination of what may, or may not, be a genuine issue of material fact").

This Circuit has held that even as "factual material . . . must be viewed in the light most favorable" to the nonmoving party, "in order to raise a material issue of fact precluding the grant of a properly supported motion for summary judgment, more is necessary than *mere assertions in the pleadings*." *Bloomgarden v. Coyer*, 479 F.2d 201, 208 (D.C. Cir. 1973) (emphasis added). "Unsupported, conclusory statements are insufficient to survive summary judgment" on a USERRA claim. *Dees*, 368 F. App'x at 51. Because the plaintiff fails to set forth sufficient evidence from which a reasonable juror may infer that the defendants denied the plaintiff a

promotion based on his military service, the plaintiff's USERRA claim cannot withstand summary judgment. *See id.* at 51-52 (holding that the plaintiff's unsupported, conclusory assertions that he was fired on the basis of his military service were insufficient for his USERRA claim to survive summary judgment); *Durant v. MillerCoors, LLC*, 415 F. App'x 927, 930-31 (10th Cir. 2011) (granting summary judgment to the defendant when the plaintiff offered no evidence to establish that his employer was influenced by another supervisor's alleged "antimilitary animus" in firing the plaintiff). Accordingly, the court grants the defendants' motion for summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendants' motion for summary judgment. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 16th day of February, 2012.

RICARDO M. URBINA
United States District Judge